STATE *ex rel.* TUTTLE v. CRUMP, *District Judge.*

No. 8216.  Opinion Filed October 10, 1916.

(160 Pac. 454.)

MANDAMUS—Proceedings—Dismissal.  Where plaintiff filed an original petition in the Supreme Court for a writ of mandamus directing the defendant, as judge of the district court of H. county, to render judgment in certain litigation then pending to which plaintiff was a party, and after issue joined in this court plaintiff dismissed her action in the district court of H. county, with prejudice, plaintiff's action for mandamus will be dismissed.

(Syllabus by the Court.)

Original application by the State, on relation of Lillie May Tuttle, for mandamus to George C. Crump, Judge of the District Court of Hughes County, Okla.  Dismissed.

*Lewis C. Lawson,* for plaintiff.

*J. L. Skinner,* for defendant.

HARDY, J.  On April 20, 1916, plaintiff filed in this court an original petition for a writ of mandamus directed to defendant, as judge of the district court of Hughes county, upon the filing of which an alternative writ was is-

sued commanding defendant, in case said court should be in session, to immediately render and enter a final order, judgment, or decree in certain litigation pending in said court, wherein plaintiff herein was plaintiff, and, in case said district court be not in session at the time said writ was served upon him, that he, as judge of said court, hear and determine said cause and render a final order, judgment, or decree therein as soon as said district court should be in session, and in any event not later than the first day of the next term of said district court. After issue joined in this court defendant filed motion to dismiss this cause, and as grounds therefor alleges that since the issuance and service of the alternative writ herein plaintiff has dismissed with prejudice the litigation pending in the district court of Hughes county in which it was sought by this proceeding to require defendant as judge of said court to render judgment therein, and attaches thereto copies of the motion to dismiss that cause, together with journal entry of judgment rendered therein showing same to have been dismissed on motion of plaintiff, with prejudice. The allegations of the motion to dismiss are not controverted, and therefore will be taken as true.

Upon this showing the motion to dismiss should be, and the same is hereby, sustained, and this case dismissed at the costs of plaintiff.

All the Justices concur, except KANE, C. J., absent.